UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**UNITED STATES OF AMERICA,**

    **Plaintiff,**

    v.

**SHAWN CLEMMONS,**

    **Defendant.**

Case No. 2:19-cr-226
Judge Edmund A. Sargus, Jr.

## OPINION AND ORDER

This matter is before the Court on Defendant Shawn Clemmons's Motion for Reconsideration. (ECF No. 57.) The Government responded in opposition (ECF No. 59) and Mr. Clemmons replied in support (ECF No. 60). For the reasons set forth below, the Court **DENIES** Mr. Clemmons's Motion for Reconsideration. (ECF No. 57.)

## BACKGROUND

In November 2019, Mr. Clemmons pleaded guilty to one count of Making or Presenting False Claims in violation of 18 U.S.C. § 287. (ECF No. 3; ECF No. 8; ECF No. 45, PageID 167.) In May 2021, this Court sentenced Mr. Clemmons to serve sixty days of imprisonment followed by three years of supervised release, and to pay restitution and a special assessment. (ECF No. 42.)

At the time of sentencing, the parties disagreed on the amount of restitution that Mr. Clemmons should be required to pay, so the Court instructed the parties to file supplemental briefs on the issue. (ECF No. 42; ECF No. 45, PageID 169, 172.) Accordingly, the Court included a restitution obligation in Mr. Clemmons's sentence but left the monetary amount to be determined later. The Court's judgment states that Mr. Clemmons "must make restitution in accordance with

1

18 U.S.C. §§ 3663 and 3663A or any other statute authorizing a sentence of restitution" but deferred the "determination of restitution" until "TBD." (ECF No. 45, PageID 169, 172.) Similarly, the criminal minutes memorializing Mr. Clemmons's sentencing state "Restitution Order. Amount to be determined upon briefing." (ECF No. 42, PageID 162.)

A few weeks after sentencing, the parties filed supplemental briefs addressing Mr. Clemmons's restitution obligation. Mr. Clemmons argued that restitution should be ordered in the amount of $1,756,937.68, and the Government argued that restitution should be ordered in the amount of $3,230,974.40. (ECF Nos. 49, 50.) Mr. Clemmons later filed a Notice of Supplemental Authority and argued that he should not be required to pay restitution at all. (ECF No. 51.)

On October 17, 2024, the Court entered an order setting $3,230,974.40 as the monetary amount that Mr. Clemmons must pay in restitution ("Restitution Order"). (ECF No. 56.) Shortly thereafter, Mr. Clemmons moved this Court to reconsider and strike its Restitution Order. (ECF No. 57.)

In his Motion for Reconsideration, Mr. Clemmons states that he self-reported to Federal Correctional Institution Ashland, served his prison sentence, and completed his three-year term of supervised release. (ECF No. 57, PageID 280.) On August 27, 2024, Melinda Vincent, Mr. Clemmons's probation officer, drafted a letter informing him that "[Y]ou have successfully completed service of your sentence, and you are hereby terminated from supervision by this office." (ECF No. 57-1, PageID 288.)

## ANALYSIS

Mr. Clemmons argues the Restitution Order should be vacated for three reasons. The Court addresses each in turn.

2

> **I. Mr. Clemmons is statutorily obligated to pay restitution to victims even after serving his term of imprisonment and supervised release.**

First, Mr. Clemmons contends that "once [he] completed his prison sentence as well as his term of supervised release, his sentence expired and there was no longer a case or controversy over which this Court presided." (ECF No. 57, PageID 281.) The Government responds that Mr. Clemmons remains statutorily obligated to pay restitution to victims even after serving his term of imprisonment and supervised release. (ECF No. 59, PageID 295.) Mr. Clemmons replies that "this Court was without Article III § 2 jurisdiction to adjudicate the government's restitution request" once he completed his prison sentence and supervised release. (ECF No. 60, PageID 305–06.)

At sentencing, the Court ordered Mr. Clemmons to pay restitution in an amount to be determined following supplemental briefing. (ECF No. 42, PageID 162; ECF No. 45, PageID 169, 172.) Under 18 U.S.C. § 3613(b), "liability to pay restitution shall terminate on the date that is the later of 20 years from the entry of judgment or 20 years after the release from imprisonment of the person ordered to pay restitution." Mr. Clemmons remains statutorily obligated to pay restitution because approximately four years—not twenty—have passed since he was released from prison. *See* https://www.bop.gov/mobile/find_inmate/byname.jsp (searched "Shawn Clemmons," Register Number: 78655-061) (last visited November 3, 2025) (listing Shawn Clemmons as "Not in BOP Custody as of: 08/25/2021").

The fact that Mr. Clemmons completed some parts of his sentence, i.e., imprisonment and supervised release, does not erase his obligation to satisfy the other parts of his sentence that remain outstanding, i.e., restitution. *United States v. Shuklin*, 748 F. Supp. 3d 534, 541–42 (S.D. Ohio 2024) (Cole, J.) (rejecting the defendant's argument that the court lacked jurisdiction to set the amount of restitution after he finished serving his term of probation). To hold otherwise would

3

permit a criminal defendant to avoid restitution by serving his term of imprisonment and supervised release without paying and then arguing that he need not fulfill his obligation because the court lacks jurisdiction. *Id.*

**II.  The Restitution Order was timely because the Court made clear prior to the 90-day deadline in the Mandatory Victims Restitution Act that it would impose restitution.**

Second, Mr. Clemmons claims that the Restitution Order was untimely because it "was entered years after the statutory deadline found in the Mandatory Victims Restitution Act (MVRA)." (ECF No. 57, PageID 281, 282–84.) The Government counters that controlling Supreme Court precedent (*Dolan v. United States*, 560 U.S. 605 (2010)) permits courts to order restitution after the statutory deadline so long as they made clear prior to the deadline that they will order restitution. (ECF No. 59, PageID 291–94.) Mr. Clemmons replies that the Court did not make clear prior to the deadline that it intended to impose restitution, so the Court did not have authority to order restitution. (ECF No. 60, PageID 302–05.)

The MVRA generally requires a court to ascertain the amount of restitution owed within 90 days of a defendant's sentencing. 18 U.S.C. § 3664(d)(5) ("If the victim's losses are not ascertainable by the date that is 10 days prior to sentencing . . . the court shall set a date for the final determination of the victim's losses, not to exceed 90 days after sentencing."). However, in *Dolan v. United States*, the Supreme Court explained that the 90-day timeline in the MVRA is neither jurisdictional nor mandatory so long as the court "made clear prior to the deadline's expiration that it would order restitution, leaving open (for more than 90 days) only the amount." 560 U.S. 605, 608 (2010). In other words, a sentencing court does not forfeit power to order restitution by failing to specify a monetary amount within 90 days so long as, prior to that deadline, the court made clear it would order restitution at some point. *See id.* at 608, 611. This position advances the statute's goal of ensuring that crime victims receive full restitution. *Id.* at 612–13.

4

Here, the Court "made clear prior to the [90-day] deadline's expiration that it would order restitution," so 18 U.S.C. § 3664(d)(5) does not restrict the Court's ability to set the monetary amount more than 90 days after sentencing. *See id.* at 608. The Court stated that it was imposing restitution and leaving the monetary amount to be determined at a later date on multiple occasions, including in the judgment and in the criminal minutes memorializing the sentencing, both of which were filed on the docket within 90 days of Mr. Clemmons's sentencing. (ECF Nos. 42, 45.) Thus, 18 U.S.C. § 3664(d)(5) does not bar the Court from entering an order setting the monetary amount that Mr. Clemmons owes in restitution more than 90 days after sentencing.

### III. The Restitution Order does not violate the Double Jeopardy Clause of the Fifth Amendment to the United States Constitution.

Third, Mr. Clemmons asserts that the Restitution Order "increased [his] sentence after he completed it," which "violated the Fifth Amendment's Double Jeopardy Clause." (ECF No. 57, PageID 281, 284–87.) The Government responds that the Double Jeopardy Clause does not apply here because the Court's Restitution Order did not upset Mr. Clemmons's legitimate expectation of finality. (ECF No. 59, PageID 295–96.) The Government explains that the MVRA provides notice to defendants that restitution obligations may change and the Court notified Mr. Clemmons that a determination of restitution was forthcoming. (*Id.*) Mr. Clemmons replies that he had a legitimate expectation of finality because he completed his prison sentence and supervised release, so the Restitution Order violated the Double Jeopardy Clause. (ECF No. 60, PageID 306–07.)

The Double Jeopardy Clause of the Fifth Amendment to the United States Constitution states: "No person shall . . . be subject for the same offense to be twice put in jeopardy of life or limb . . . ." U.S. Const. amend. V. "Generally, this clause prohibits the government from sentencing a defendant multiple times for the same offense." *United States v. Faulkenberry*, 461 F. App'x 496, 500 (6th Cir. 2012) (citing *Jones v. Thomas*, 491 U.S. 376, 393 (1989)). It prevents

5

enhancement of a defendant's sentence after the defendant has developed an "expectation of finality in the original sentence." *United States v. DiFrancesco*, 449 U.S. 117, 139 (1980). Yet "[t]he Double Jeopardy Clause does not provide the defendant with the right to know at any specific moment in time what the exact limit of his punishment will turn out to be." *Id.* at 137 (concluding that the Double Jeopardy Clause does not preclude imposing criminal sanctions increasing a final sentence if the defendant was aware of such possibility at the time of his original sentencing).

Here, the Court made clear at the time of sentencing that Mr. Clemmons would be required to pay restitution and that it would set the monetary amount after the parties filed supplemental briefs. (ECF Nos. 42, 45.) In addition, the plea agreement that Mr. Clemmons entered into with the Government explained that the statutory penalties for pleading guilty to one count of Making or Presenting False Claims include mandatory restitution under 18 U.S.C. § 3553A. (ECF No. 3, PageID 8.)

The fact that Mr. Clemmons was unaware of the exact limit of his restitution obligation at the time of sentencing does not render the obligation unconstitutional. *United States v. Sweet*, No. 3:07-CR-268, 2013 WL 12344192, at *5 (M.D. Pa. Jan. 14, 2013) (explaining that the court's restitution order, which was issued four years after sentencing, did not violate the Double Jeopardy Clause because the defendant was aware at the time of sentencing that restitution would be ordered at a later date). Nor does the fact that the Court set the restitution amount after Mr. Clemmons completed other parts of his sentence. For example, in *Dolan*, the Supreme Court approved the district court's decision to set the monetary amount of restitution after the defendant had been released from prison. 560 U.S. at 608; *id.* at 624 (Roberts, J., dissenting). Thus, the Court's Restitution Order does not violate the Double Jeopardy Clause of the Fifth Amendment.

6

## CONCLUSION

For the reasons set forth above, the Court **DENIES** Defendant Shawn Clemmons's Motion for Reconsideration.  (ECF No. 57.)  This case remains closed.

**IT IS SO ORDERED.**

**11/4/2025**                                                               **s/Edmund A. Sargus, Jr.**
**DATE**                                                                       **EDMUND A. SARGUS, JR.**
                                                                                       **UNITED STATES DISTRICT JUDGE**